1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   120 Howard Street, Suite 520
3  San Francisco, CA 94105
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8

9                        UNITED STATES DISTRICT COURT

10             FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  GIL CROSTHWAITE, RUSS BURNS, in their          Case No.:  07-2194 CRB
    respective capacities as Trustees of the
12  OPERATING ENGINEERS HEALTH AND                 **JUDGMENT PURSUANT TO**
    WELFARE TRUST FUND FOR NORTHERN                **STIPULATION**
13  CALIFORNIA, et al.,

14        Plaintiffs,

15  v.

16  EAST BAY ROCK CORPORATION, a
    California corporation and THOMAS A.
17  CHASM, individually,

18        Defendants.

19

20        IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be

21  entered in the within action in favor of the plaintiffs and against defendants EAST BAY ROCK

22  CORPORATION, a California corporation and THOMAS A. CHASM, individually as follows:

23        1.     Defendants entered into a valid collective bargaining agreement with the Operating

24  Engineers Local 3 (hereinafter "Bargaining Agreement").   This Bargaining Agreement has

25  continued in full force and effect to the present time.

26        2.     Defendants have become indebted to the Trust Funds for amounts due and owing

27

28  under the terms of the Collective Bargaining Agreement and Trust Agreements for the period

June, 2006 through November, 2007, but have failed to provide the necessary reports which define the amounts actually due to Plaintiffs.

3.      Defendants have nevertheless provided payment totaling $50,000.00 on account of their debt. Defendants shall provide an additional **$25,000.00** upon entering this Stipulation, and together with remaining weekly records of work performed by their employees for the period stated above.  Defendant shall thereafter pay $75,000.00 on or before January 18, 2008.  Until such time as the amounts actually due are determined by Plaintiffs' auditors review of Defendants' records, Defendants shall pay $20,000.00 per month as follows:

(a)      Beginning on February 18, 2008, but thereafter on or before the 18th of each month, payment shall be made to Plaintiffs until all amounts determined due are paid.

(b)      Defendants shall have the right to increase the monthly payments at any time, which can be made by joint check, if endorsed by Defendants prior to timely submission to Plaintiffs.

(c)      Payments shall be applied first to unpaid interest at the rate of 12% per annum on the unpaid principal balance and liquidated damages, in accordance with the Collective Bargaining Agreement and plaintiffs' Trust Agreements.

(d)      Payments shall be made to the "*Operating Engineers Trust Funds*", and delivered to Michele R. Stafford, Saltzman & Johnson Law Corporation, 120 Howard Street, Suite 520, San Francisco, CA  94105 **on or before the 18th of January 2008 and on or before the 18th of each month as stated above**, or to such other address as may be specified by plaintiffs. In the event that any check is not timely submitted or  submitted by defendants but fails to clear the bank, or is unable to be negotiated for any reason, this shall be considered to be a default on the Judgment entered.  In that event, plaintiffs shall make a written demand to defendants to cure said default.  Default will only be cured by the issuance of a replacement, ***cashier's check***,

-2-

JUDGMENT PURSUANT TO STIPULATION
Case No.: C07-2194 CRB

delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from plaintiffs. If defendants elect to cure said default, and plaintiffs elect to accept future payments, all such payments shall be made by cashier's check if the default was caused by a failed check. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by plaintiffs.

(e) Plaintiffs shall conditionally waive liquidated damages accrued by these delinquencies, conditioned on full and timely satisfaction of the amounts due hereunder.

4. Beginning with contributions due for hours worked by defendants' employees during the month of December, 2007, due on January 15, 2008 and delinquent if not received by January 25, 2008 and for every month thereafter until this judgment is satisfied, defendants ***shall remain current in contributions*** due to plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended. ***Defendants shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Michele R. Stafford at 415-882-9287, prior to sending the payment to the Trust Fund office so that timely compliance can be confirmed.*** Failure by defendants to remain current in contributions shall constitute a default of the obligations under this agreement and the provisions of Paragraph 6 shall apply. Any such unpaid or late paid contributions, together with 15% liquidated damages and 12% per annum interest accrued on the total contributions and liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions and the provisions of this agreement are in addition thereto.

5. Plaintiffs shall advise defendants in writing, of the total amounts owed pursuant to this Stipulation, which shall include, but not be limited to, any additional attorneys fees, auditors

fees, and costs incurred in this matter. Said amount shall be paid in accordance with the terms herein.

6. In the event that defendants fail to make any payment required under Paragraph 3 above, or fail to remain current in any contributions under paragraph 4 above, then,

(a) The entire balance of all amounts due plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 15% liquidated damages and 12% per annum interest thereon as provided in above paragraph 4 shall be immediately due, together with any additional attorneys' fees and costs under section (d) below.

(b) A writ of execution may be obtained against defendants without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by or on behalf of defendant and the balance due and owing as of the date of default. Defendants specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, plaintiffs' obtaining a writ of execution herein.

(c) Defendants waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution, without further notice to defendants.

(d) Defendants shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with collection and allocation of the amounts owed by defendants to plaintiffs under this Stipulation.

(e) In consideration of the payment terms herein, Gerry Ninnis, principal of Defendant East Bay Rock Corporation, hereby personally guarantees payments provided herein, and agrees to the personal jurisdiction of this court in this action.

7.      Any failure on the part of the plaintiffs to take any action against defendants as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the defendants of any provisions herein.

8.      Plaintiffs specifically reserve all rights to bring a subsequent action against defendants for the collection of any additional contribution delinquencies found to be due for the hours worked during the periods preceding the date of this Stipulation. Defendants specifically waive the defense of the doctrine of res judicata in any such action.

9.      In the event of the filing of a bankruptcy petition by either or both of the defendants, the parties agree that any payments made by defendants pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by defendants as a preference under 11 U.S.C. Section 547 or otherwise.  Defendants nevertheless represent that no bankruptcy filing is anticipated.

10.     Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Agreement.

11.     Defendants each represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in the analysis of this Agreement and the terms and conditions set forth herein, that they have read this Agreement with care and are fully aware of and understand that they enter into this Agreement voluntarily.

12.      This Agreement may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute together one and the same instrument.

Dated: December 26, 2007                    EAST BAY ROCK CORPORATION,
                                            a California corporation


                                            By:  _____/s/_____


Dated: December 26, 2007                    THOMAS A. CHASM


                                            _____/s/_____
                                            Individually


Dated  December 26, 2007                     GERRY NINNIS


                                            _____/s/_____
                                            Individually, as Guarantor

Dated: December 26, 2007                     OPERATING ENGINEERS LOCAL 3 TRUST
                                            FUNDS


                                            _____/s/_____
                                            Wayne E. McBride, Collections Manager


Dated: December 26, 2007                     SALTZMAN & JOHNSON LAW CORPORATION


                                            _____/s/_____
                                            Muriel B. Kaplan
                                            Attorneys for Plaintiffs

IT IS SO ORDERED.


Dated: _____January 2_____, 2008        _____
                                            UNITED                              JUDGE

IT IS SO ORDERED
Judge Charles R. Breyer

-6-
_____ TO STIPULATION
Case No.: C07-2194 CRB